UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESA BAKER,

                  Plaintiff,

    -vs-                         **No. 1:16-CV-00093 (MAT)**
                                      **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                  Defendant.

## I. Introduction

Represented by counsel, Theresa Baker ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benfits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

## II. Procedural History

The record reveals that in January 2012, plaintiff (d/o/b February 6, 1980) applied for DIB, alleging disability as of April 18, 2010. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Timothy McGuan ("the ALJ") on January 15, 2014. The ALJ issued an unfavorable decision on August 6, 2014. The Appeals Council denied review of the ALJ's decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff met the insured status requirements of the Act through December 31, 2015. At step one of the five-step sequential evaluation process, see 20 C.F.R. § 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since April 18, 2010, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: myofascial pain syndrom; C5-C6 disc herniation with nerve entrapment; fibromyalgia; and chronis thyroiditis. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), "with the following limitations: she can stand and walk up to four hours in an eight-hour workday." T. 31. At step four, the ALJ found that plaintiff was able to perform past relevant work as a debt collector. Accordingly, the ALJ found plaintiff disabled at step four and did not proceed to step five.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the

decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

**A. Treating Physician Rule**

Plaintiff contends that the ALJ violated the treating physician rule in assessing the opinion of Dr. Carlos Martinez, one of plaintiff's treating physicians. The treating physician rule provides that an ALJ must give controlling weight to a treating physician's opinion if that opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with other substantial evidence in the record. See Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); 20 C.F.R. § 416.927(c)(2). An ALJ must give "good reasons" for discounting the opinion of a treating physician. See Coluciello-Pitkouvich v. Astrue, 2014 WL 4954664, *6 (E.D.N.Y. Sept. 30, 2014) ("[T]he ALJ must expressly state the weight assigned and provide 'good reasons' for why the particular weight was assigned to each treating source's opinion.") (citing 20 C.F.R. § 404.1527(c)(2)).

Plaintiff contends that the ALJ violated the treating physician rule by incorrectly stating that Dr. Carlos Martinez, plaintiff's treating physician, "never indicated that [plaintiff] was totally disabled." Doc. 10-1 (quoting T. 40). Plaintiff argues that "Dr. Martinez specifically opined that [plaintiff] was

3

'currently still unable to work' on February 11, 2013." Id. (citing T. 689). According to plaintiff, the ALJ failed to give "good reasons" for rejecting this February 11, 2013 opinion.

Dr. Martinez's statement, contained within the context of a single treatment note, does not indicate that plaintiff was *totally* disabled – meaning disabled for a period of not less than 12 months, see 42 U.S.C. § 423(d)(1)(A) – but merely that plaintiff was "currently" not able to work. Thus, the ALJ correctly noted that Dr. Martinez never opined that plaintiff was totally disabled, contrary to plaintiff's argument. The Court thus finds that the ALJ did not err in failing to provide "good reasons" for rejecting Dr. Martinez's February 11, 2011 statement.

B. **Weight Given to Consulting Examining Opinion**

Plaintiff contends that the ALJ did not adequately explain the weight he gave to the consulting examining opinion of Dr. Hongbiao Liu, a state agency physician specializing in internal medicine. Dr. Liu opined that plaintiff had "mild limitation for her routine activities," and that she should "try to avoid lifting, carrying, bending, and kneeling." T. 572-73. Dr. Liu also stated that due to her asthma plaintiff "should try to avoid dust and other irritating factors to limit asthma attacks." T. 573. The ALJ gave "some" weight to Dr. Liu's opinion, finding that it was "consistent with the medical evidence of record." T. 36.

Plaintiff contends that the ALJ's RFC finding does not account for Dr. Liu's opinion that plaintiff should "try to avoid lifting,

4

carrying, bending, and kneeling." As the Commissioner points out, however, the ALJ's RFC finding need not "perfectly correspond with any of the opinions of the medical sources cited in his decision." Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013); see also Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) (finding that ALJ properly assigned weight only to the portion of a medical opinion which was supported by substantial evidence).

The ALJ's RFC finding accounts for limitations in lifting, carrying, bending, and kneeling, as the ALJ restricted plaintiff to light work with restrictions or sedentary work. Moreover, the RFC is consistent with Dr. Liu's findings on physical examination, which were unremarkable except for some limitation in range of motion ("ROM") of the lumbar spine (although straight leg raising test was negative); plaintiff's cervical spine showed full ROM and she had a full ROM "of shoulders, elbows, forearms, and wrists bilaterally." T. 572. Finally, a reading of the ALJ's entire decision demonstrates that the ALJ's adoption of only some degree of limitation in the functions outlined by Dr. Liu was supported by the remainder of the medical record, which often noted unremarkable physical exam findings with respect to those functions. See T. 31-40. Thus, considering the ALJ's decision in the context of the record as a whole, the Court concludes that the ALJ "sufficiently explain[ed] the rationale behind the weight determination." Mercado v. Colvin, 2016 WL 3866587, *15 (S.D.N.Y. July 13, 2016).

5

**C. Development of the Record**

Plaintiff contends that the ALJ failed to fully develop the medical record. Specifically, plaintiff argues that the ALJ erroneously found that treating physician Dr. Eugene Gosy's rating of plaintiff at a 50 percent disability level was consistent with sedentary work and with light work performed with the restrictions outlined in the RFC.

The record reveals that Dr. Gosy recorded in multiple treatment notes that plaintiff had a disability rating of 50 percent. However, Dr. Gosy also noted that plaintiff was "functioning as a nurse" at the same time he assessed her with a 50 percent disability. See T. 428; 421 ("[S]he is working full time status in a doctor's office."). "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir.1999) (internal quotation marks omitted). The medical portion of the record, which spans approximately 600 pages, was complete with no obvious gaps. The ALJ was entitled to interpret Dr. Gosy's treatment notes and conclude, based on those notes as well as the other substantial evidence of record, that plaintiff was not disabled. See, e.g., Walker v. Astrue, 881 F. Supp. 2d 446, 451 (W.D.N.Y. 2012) (finding that ALJ did not err in finding that physician's opinion suggested only partial disability, where it "fail[ed] to specify the

particulars of [the] 'partial disability,'" and where ALJ's conclusion was supported by substantial evidence).

**V. Conclusion**

For the foregoing reasons, and based upon substantial evidence in the record, plaintiff's motion for judgment on the pleadings (Doc. 10) is denied and the Commissioner's motion (Doc. 13) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    May 16, 2017
            Rochester, New York

7